# United States District Court
## District of Minnesota

| | |
|---|---|
| Mary Stanhope,<br><br>    Plaintiff,<br><br>v.<br><br>Gurstel Chargo, P.A.,<br><br>    Defendant. | Court file no. _____<br><br><br>**Complaint**<br><br>**JURY TRIAL DEMANDED** |

## Jurisdiction

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") in it's illegal efforts to collect a consumer debt from Plaintiff, by suing Plaintiff after the statute of limitations had passed.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper because the acts and transactions occurred in Minnesota, Plaintiff resides in Minnesota, and Defendant transacts business in Minnesota.

Page 1 of 10



## Parties

4. Plaintiff Mary Stanhope is a natural person who resides in Minneapolis, County of Hennepin and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Gurstel Chargo, P.A. (hereinafter "Defendant Gurstel") is a law firm and collection agency that operates from an address of 6681 Country Club Drive, Golden Valley MN 55427. Defendant Gurstel regularly collects or attempts to collect debts owed by another is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

6. In or around 1996, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely an alleged debt with B.A.C. International Credit Corporation in the approximate amount of $12,000.00.

7. The terms and conditions for the debt list Florida as the governing law.

8. The statute of limitations for written contracts in Florida is five (5) years. *See* § 95.11(2)(b) Fla. Stat. (2013).

9. Plaintiff does not believe she has made a payment towards the debt since at least 2001.

10. On or around March 28, 2007, B.A.C. International Credit Corporation charged off Plaintiff's account.

11. On or about March 28, 2007, the debt was assigned from B.A.C. to The Education Resource Institute ("TERI").

12. On or about March 9, 2012, the alleged debt was assigned from TERI to TERI Loan Holdings, LLC.

13. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection.

### *Defendant Serves Plaintiff with a Time-Barred Lawsuit*

14. On or about September 4, 2012, Defendant contacted Plaintiff in writing in an attempt to collect a debt, as that term is defined by 15 U.S.C. § 1692a(2).

15. Defendant served Plaintiff with a lawsuit requesting payment for the debt.

16. Attached to the lawsuit were terms and conditions for the debt, which list Florida as the governing law.

17. A cause of action accrues in Florida when a party is on notice of an invasion of their legal rights. *See Haskins v. City of Ft. Lauderdale*, 898 So.2d 1120, (Fla. 4th DCA 2005).

18. The current creditor, TERI Loan Holdings, LLC believes that Plaintiff defaulted on the debt in or about January 2007.

19. Based on that representation, a cause of action under Florida law accrued in January 2007.

20. As a result, a cause of action under Florida law on this debt would be time-barred after January 2012.

21. Plaintiff was served by Defendant on or around September 4, 2012, at least seven (7) months after the statute of limitations expired under Florida law.

22. Plaintiff, however, believes that she has not made a payment on this debt since at least 2001.

23. Documents produced by TERI Loan Holdings, LLC on or about May 31, 2013, confirm that according to TERI Loan Holding, LLC's records, Plaintiff has not made a payment on the debt since at least 2001.

24. If Plaintiff has not made a payment since 2001, a cause of action under Florida or Minnesota law would have accrued no later than 2001.

25. The statute of limitations for written contracts in Minnesota is six (6) years. *See* Minn. Stat. § 541.05, subd. 1(1).

26. As a result, the lawsuit served on Plaintiff on or about September 4, 2012, was time-barred under both Florida and Minnesota law.

27. By serving Plaintiff with a time-barred lawsuit, Defendant misrepresented that TERI Loan Holdings, LLC could initiate a lawsuit after the statute of limitations had passed.

28. A reasonable review of this matter prior to serving Plaintiff would have revealed the debt was time-barred.

29. Initiating a lawsuit on a time-barred debt without first determining after a reasonable inquiry that the limitations is due to be tolled, has been found to be an unfair and unconscionable practice offensive to 15 U.S.C. § 1692f. *See Kimber v. Fed. Fin. Corp.*, 668 F.Supp. 1480, 1487 (M.D. Ala. 1987).

30. The above-described collection communication, in the form of a time-barred lawsuit, violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), and 1692f.

*Summary*

31. The above-described collection communication made to Plaintiff by Defendant and collection employees employed by Defendant were made

in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

32. The above-detailed conduct by Defendant in it's effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

33. Plaintiff has suffered actual damages as a result of Defendant's illegal conduct in the form of anxiety, emotional distress, frustration, amongst other negative emotions.

34. Plaintiff has also suffered actual damages in the form of attorney fees to defend the time-barred lawsuit that was brought against her.

35. Defendant's illegal abusive collection communication(s) as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

## Respondeat Superior Liability

36. The acts and omissions of the individuals, and the other debt collectors employed as agents by Defendant Gurstel who communicated with Plaintiff as more further described herein, were committed within the time

and space limits of their agency relationship with their principal, Defendant Gurstel.

37. The acts and omissions by the individuals and other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Gurstel in collecting consumer debts.

38. By committing these acts and omissions against Plaintiff, the individuals and these other debt collectors were motivated to benefit their principal, Defendant Gurstel.

39. Defendant Gurstel is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in its attempts to collect this debt from Plaintiff.

## Trial by Jury

40. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. Amend. 7; Fed. R. Civ. P. 38.

## Causes of Action

### Count 1:
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692 et seq.

41. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

42. The foregoing intentional and negligent acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692–1692p.

43. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

### Prayer for Relief

**Wherefore**, Plaintiff prays that judgment be entered against each Defendant for:

CASE 0:13-cv-02381-PJS-LIB   DOCUMENT 1   Filed 08/30/13   Page 9 of 10

## Count 1:
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692 et seq.

- statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

- costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

- for such other and further relief as may be just and proper.

Respectfully submitted,

**The Ryder Law Firm, LLC**

Date: <u>August 30, 2013</u>         <u>s/Randall P. Ryder</u>
Randall P. Ryder (#389957)
2701 University Ave SE, #209
Minneapolis, MN 55414

phone • 612.424.3770
fax • 612.605.3247
e-mail • email@theryderlawfirm.com

**Attorney for Plaintiff**

Page 9 of 10

## Verification of Complaint and Certification

STATE OF MINNESOTA    )
                      ) ss
COUNTY OF HENNEPIN    )

Pursuant to 28 U.S.C. § 1746, Plaintiff Mary Stanhope having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 29, 2013

Mary Stanhope